IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAKIA EPIE,        ) | |
|         Plaintiff,        ) | |
| vs.        ) | No. 3:09-CV-1681-D |
|         ) | |
| RISSIE OWENS, et al.,        ) | |
|         Defendants.        ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference* dated December 15, 2009, Defendants' *Motion to Dismiss* ("Mot."), filed December 2, 2009 (doc. 23), has been referred for recommendation. Based on the relevant filings and applicable law, the motion should be **DENIED** in part and **GRANTED** in part.

**I. BACKGROUND**

On September 10, 2009, Plaintiff filed a *pro se* suit under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), naming as defendants Rissie Owens and Brad Livingston ("Defendants"). Plaintiff claimed that his supervisor at the Texas Board of Pardons and Paroles ("BPP"), Gail Johnson, engaged in acts of harassment and retaliation against him. Attached to the complaint was a charge of discrimination that identified "Board of Pardons and Paroles /Texas Department of Criminal Justice" ("TDCJ") as his employer.[1]

On October 2, 2009, Defendants filed a motion for more definite statement alleging, in relevant part, that his complaint lacked any allegations against them and failed to identify the capacity in which they were being sued. (*See* doc. 6.) On October 26, 2009, Plaintiff filed a response that included a "Motion to Release Brad Lingston [sic], Rissie Owens, Troy Fox and Michael Billing as Individual Defendants." (Doc. 16.) The style of the case on the response listed the TDCJ, BPP, and

---

[1] Plaintiff filed a prior action against BPP and TDCJ that was dismissed without prejudice for insufficient service of process and failure to timely serve on August 12, 2009. *See Epie v. Bd. of Pardons & Parole*, No. 3:08-CV-1258-D (N.D. Tex.) (Judgment dated Aug. 12, 2009).

Johnson "individually" as defendants. (*Id.*) The response expressly stated that Plaintiff was "complaining of" BPP and TDCJ based on violations of his rights under Title VII, and he asked to move the case forward by releasing the named individuals from the suit. (*Id.*) Defendants filed a reply assenting to what they construed as Plaintiff's voluntary dismissal and requesting dismissal of the case in its entirety because no parties would remain. (*See* doc. 17.) Plaintiff then filed a response to the reply stating that he had intended to relieve the named individuals from personal liability, but that they would remain parties as heads of their prospective agencies, and he moved to withdraw his motion to release them. (*See* doc. 18.) The case style on that filing included TDCJ, "Livingston - Director", BPP, and "Owens - Chairman" as defendants.[2] (*Id.*) The Court granted the motion to withdraw by order dated November 12, 2009, and the motion to release Defendants in their individual capacities was deemed withdrawn. (*See* doc. 20.) On that date, the Court also granted Defendant's motion for a more definite statement and ordered Plaintiff to clarify the basis "on which the named defendants are being sued." (*See* doc. 21.)

Plaintiff filed a response to the order for a more definite statement on November 30, 2009, asserting Title VII claims of discrimination, retaliation, harassment, and hostile work environment. (*See* doc. 22.) The style of the case on that response, in relevant part, again listed TDCJ, Livingston as the Director, BPP, and Owens as the Chairman, but it contained no specific allegations about Defendants. (*Id.*) On December 2, 2009, Owens and Livingston moved to dismiss this action against them under Fed. R. Civ. P. 12(b)(6). (*See* Mot. at 1.) Plaintiff filed a response to the motion

---

[2] The case style also listed Johnson "individually" and Troy Fox and Michael Billings as officers of BPP. Plaintiff previously sued these individuals under Title VII. *See Epie*, No. 3:08-CV-1258-D. His action against Billings was dismissed without prejudice for failure to timely serve. *Id.* (Judgment dated Mar. 26, 2009). His Title VII claims against Johnson and Fox were dismissed with prejudice for failure to state a claim. *Id.* (Judgment dated Aug. 12, 2009). The Court makes no determination of whether Plaintiff's inclusion of these individuals in the style of the case on his responses is sufficient to add them as parties to this action.

stating that his claim for relief was against TDCJ and BPP, again using the same style of the case. (*See* doc. 26.)  No reply was filed.

## II.  MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on grounds that he failed to state a claim against them upon which relief can be granted.  (*See* Mot. at 1-2.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may

be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

Defendants argue that Plaintiff has failed to state a claim against them because he has not provided any facts that clearly identify the basis for naming them. (Mot. at 2.) Neither Plaintiff's initial complaint nor his response to the order for more definite statement contain any specific allegations against them. However, a liberal construction of Plaintiff's filings makes clear that he sues Defendants in their official capacities based on their positions with BPP and TDCJ. The charge of discrimination attached to his complaint identifies BPP and TDCJ as his employers. In his responses to the order for a more definite statement and to the motion to dismiss, Plaintiff identifies Livingston as the Director of TDCJ and Owens as the Chairman of BPP in the style and body of the case, and he reiterates his Title VII claims against his employers based on his supervisor's actions.[3] Finally, he expressly moved to release Defendants from the suit in their individual capacities and to proceed against them only in their capacities as heads of their respective agencies, although he later withdrew the motion after Defendants argued that no defendants would remain.

Title VII imposes liability upon employers who violate its provisions. *Harvey v. Blake*, 913

---

[3]Plaintiff's response to the motion to dismiss states that BPP and TDCJ may be served with process by serving Defendants, suggesting some confusion by Plaintiff between the proper agent for service of process and a proper Title VII party defendant.

4

F.2d 226, 227-28 (5th Cir. 1990). Congress defined the term "employer" in Title VII to include "any agent" of an employer in order to incorporate *respondeat superior* liability. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citing 42 U.S.C. § 2000e(b)). Title VII actions may therefore be brought against the "employer" or a supervisor or agent of the employer in his official capacity. *Lewis v. Hardy*, 248 Fed. App'x 589, 592-93 (5th Cir. 2007) (citing *Huckabay v. Moore,* 142 F.3d 233, 241 (5th Cir. 1998)); *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2000 WL 34226872, at *2 (N.D. Tex. July 14, 2000)(Title VII liability extends only to employers and defendants in their official capacities). A Title VII suit against an agent of an employer in an official capacity is actually a suit against the employer. *Indest*, 164 F.3d at 262. Because the employer ultimately bears responsibility for the liability of the agent through Title VII's incorporation of *respondeat superior* liability, an action against both the employer and the agent would be redundant in that the employer could be held liable twice for the same act. *Id.* A plaintiff may therefore not maintain a Title VII suit against both an employer and its agent. *Id.* Regardless of whether a plaintiff sues an agent in an official or individual capacity, Title VII does not provide for individual liability against the agent. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

Considering the liberal pleading standards for pro se litigants, Plaintiff's filings make clear that he sues Defendants in their official capacities. Because he has not also sued his employers, Defendants' motion to dismiss this action against them in this capacity should be **DENIED**. Because Plaintiff withdrew his motion to release Defendants in their individual capacities, however, their motion to dismiss should be **GRANTED** to the extent that Plaintiff also sues them in their individual capacities.

5

## III.  CONCLUSION

Defendants' *Motion to Dismiss* should be **DENIED** as to the claims against them in their official capacities and **GRANTED** as to any claims against them in their individual capacities.

**SO RECOMMENDED on this 8th day of February, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE