**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MAKIA EPIE,            ) | |
|       Plaintiff,       ) | |
| vs.                        ) | No. 3:09-CV-1681-D |
|                                 ) | |
| RISSIE OWENS, et al.,  ) | |
|       Defendants.   ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed February 17, 2010, before the Court is Defendants' *Motion to Dismiss Texas Department of Criminal Justice and to Correct Caption*, filed February 9, 2010, (doc. 28). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On September 10, 2009, Plaintiff filed a *pro se* suit under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), against Rissie Owens and Brad Livingston ("Defendants"). Plaintiff claims that his direct supervisor, Regional Operations Supervisor Gail Johnson, harassed and retaliated against him. Attached to his complaint is a charge of discrimination that lists his employer as "Board of Pardons and Paroles /Texas Department of Criminal Justice" ("BPP"/"TDCJ") and a notice of right to sue that was copied to BPP. Also attached are e-mails between himself and Johnson showing e-mail addresses at "Parole_Board/OIMS/TDCJ" and "tdcj.state.tx" and a travel voucher with the state agency listed as TDCJ. (*See* doc. 1.)

In his response to Defendants' motion for a more definite statement, Plaintiff states that BPP willfully violated his rights and that he is also seeking relief against TDCJ because its policies were followed by BPP and allowed the discrimination against him. (*See* doc. 16 at 1-2.) In his response to the order for a more definite statement, Plaintiff alleges that he filed a grievance with BPP human

resources. (*See* doc. 22.)

Defendants move to dismiss the official capacity claim against Brad Livingston and to correct the caption to reflect that the only proper defendant is BPP rather than Rissie Owens. Plaintiff filed no response to the motion, and it is ripe for determination.

## II.  12(b)(6) MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants move to dismiss Plaintiff's official capacity claims against Defendant Livingston. (Mot. at 2-3).

**A.      12(b)(6) Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

**B.      "Employer" Under Title VII**

Defendants move to dismiss Plaintiff's official capacity claims against Livingston on grounds that TDCJ is not Plaintiff's employer for purposes of Title VII. (Mot. at 2-3). Citing *Norman v. Tex. Dep't Crim. J.*, 293 F. App'x 285 (5th Cir. 2008), they argue that TDCJ and BPP are separate entities with different responsibilities under Texas law.[2]  *Id.*

Determination of whether a defendant is an "employer" under Title VII involves a two-step process. *Muhammad v. Dallas County Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). First, a court must determine whether the defendant meets Title VII's definition of an employer, i.e., whether the defendant is a person, or an agent of a person, who is engaged in an

---

[2]*Norman* states that the BPP "is a separate entity from the *Parole Division of the Texas Department of Corrections*, and each entity has different responsibilities under the Government Code." 293 Fed. App'x. at 288, citing Tex. Gov't. Code Ann. § 491.001 (*emphasis added*). The BPP is, however, a division of the relevant defendant here, TDCJ. *See U.S. v. Evans*, 148 F.3d 477, 478 n. 1 (5th Cir. 1998).

3

industry affecting commerce and who has fifteen or more employees. *See id.*; 42 U.S.C. § 2000e(b). "If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant." *Muhammad*, 479 F.3d at 380. The Fifth Circuit applies a "hybrid economic realities/common law control test" to determine the existence of an employment relationship. *See id.* (citing *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir. 1993)).

"The economic realities component of the test focuses on 'whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set terms and conditions of employment.'" *Id.* The control component focuses on the alleged employer's "right to hire, fire, supervise, and set the work schedule of the employee." *Id.* State law may be relevant to the employment relationship inquiry to the extent that "it describes Plaintiff's position, including his duties and the way he is hired, supervised and fired." *Muhammad*, 479 F.3d at 380; *Clark v. Tarrant County*, 798 F.2d 736, 747 (5th Cir. 1986). Otherwise, the determination of an employment relationship is governed by federal law and "the particular circumstances of the case at hand." *Muhammad*, 479 F.3d at 383.

"The 'hybrid economic realities/common law control test' is necessarily a fact-specific inquiry and is therefore typically applied in a summary judgment context, in which a court is permitted to go beyond the pleadings and examine the state law and the evidence relevant to the employment relationship." *Id.* at 382. At the motion-to-dismiss stage, the "issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claim." *Id.* at 379-80. If the plaintiff pleads enough facts to state a facially plausible claim, he survives a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949.

Here, Plaintiff attaches a discrimination charge to his complaint which lists his employer as "Board of Pardons and Paroles /Texas Department of Criminal Justice" ("BPP"/"TDCJ"). He attaches e-mails between himself and Johnson at "tdcj.state.tx" and "Parole_Board/OIMS/TDCJ." He also attaches a travel voucher with the state agency listed as TDCJ. (*See* doc. 1). Additionally, in his response to Defendants' motion for a more definite statement, he states that he is seeking relief against TDCJ because its policies were followed by the BPP and allowed the discrimination against him. (*See* doc. 16 at 2). The *pro se* pleadings, construed liberally and in the light most favorable to the Plaintiff, contain sufficient facts to state a plausible claim that TDCJ was his employer. *See Iqbal*, 129 S. Ct. at 1949. Accordingly, Defendant's motion to dismiss Plaintiff's official capacity claims against Defendant Livingston should be **DENIED**.

### III.  MOTION TO CORRECT CAPTION

Defendants seek to change the caption of the case to reflect that BPP is the only proper party for Plaintiff's claims. (Mot. at 1, 3-4).

Since Plaintiff's claims against Defendant Livingston in his official capacity have not been dismissed, and the Court has already held that Defendants Livingston and Owens are being sued in their official capacities, there is no need to replace their names with those of the appropriate agencies. (*See* doc. 27, 31). A title VII suit against an agent of an employer in an official capacity is actually a suit against the employer. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Defendant's motion to correct caption should be **DENIED**.

### IV.  CONCLUSION

Defendants' *Motion to Dismiss Texas Department of Criminal Justice and to Correct Caption*, filed February 9, 2010, should be **DENIED**.

**SO RECOMMENDED on this 2nd day of April, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6