IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAKIA EPIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-1681-D |
| VS. | § | |
| | § | |
| RISSIE OWENS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the April 2, 2010 findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted, and defendants' February 9, 2010 motion to dismiss Texas Department of Criminal Justice and to correct caption is denied.

Although the court is denying defendants' motion to dismiss, it grants them leave under N.D. Tex. Civ. R. 56.2(b) to file two motions for summary judgment: one addressed to the question of plaintiff's employer and one addressed to any other available grounds for summary judgment. Some of defendants' arguments in support of their motion to dismiss exceed what the court can consider when deciding a Fed. R. Civ. P. 12(b)(6) motion. Moreover, "[i]t is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). Although Epie's complaint is vaguely worded and fails to clearly identify his employer, the complaint is sufficient, when combined with its attached exhibits, to present a plausible claim for relief against both defendants under Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*

While the court is denying defendants' motion to dismiss, it recognizes that the Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice are distinct under state law. Thus it may be that only one defendant qualifies as plaintiff's employer who can be held liable under Title VII. This determination cannot be made, however, solely on the basis of the pleadings and other properly-considered materials, and after construing all the pleaded facts in the light most favorable to plaintiff. But because it appears that defendants have a plausible argument that the Texas Department of Criminal Justice is not plaintiff's employer, the court will permit defendants to file two motions for summary judgment, one of which presents this issue for determination as a preliminary matter.

The court adopts the April 2, 2010 findings, conclusions, and recommendation of the magistrate judge, and it denies defendants' February 9, 2010 motion to dismiss Texas Department of Criminal Justice and to correct caption.

**SO ORDERED**.

July 21, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE