# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MAKIA EPIE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:09-CV-1681-D |
| § | |
| RISSIE OWENS, et al., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated October 4, 2010, before the Court for recommendation is *Defendant Livingston's Motion for Summary Judgment*, filed September 27, 2010 (doc. 28). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On September 10, 2009, Plaintiff filed this *pro se* suit against Rissie Owens and Brad Livingston, claiming violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). The attachments to his complaint included a charge of discrimination identifying the Board of Pardons and Paroles ("BPP") and the Texas Department of Criminal Justice ("TDCJ") as his employers, e-mails between himself and his immediate supervisor addressed at "Parole_Board/OIMS/TDCJ" and "tdcj.state.tx," and a travel voucher with TDCJ's name on it. The Court liberally construed the complaint as stating claims against Owens and Livingston in their official capacities as heads of the BPP and the TDCJ respectively, and dismissed any individual capacity claims against them. (*See* doc. 31). On September 27, 2010, Livingston moved for summary judgment on grounds that the TDCJ was not Plaintiff's employer for purposes of Title VII. Plaintiff did not file a response, and the motion is now ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954

F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Where, as here, the non-movant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515

3

(N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III. "EMPLOYER" UNDER TITLE VII

Defendant Livingston seeks summary judgment on any official capacity claims against him on grounds that Plaintiff was employed by the BPP, and not the TDCJ, during the relevant time period, and that the two agencies are separate governmental entities that cannot be aggregated to constitute a single employer under Title VII. (Mot. Br. at 2-6.)

**A.     Is TDCJ an Employer?**

Title VII prohibits an "employer" from discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Determination of whether a defendant is an "employer" under Title VII involves a two-step process. *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). First, a court must determine whether the defendant meets Title VII's definition of an employer, i.e., whether the defendant is a person, or an agent of a person, who is engaged in an industry affecting commerce and who has fifteen or more employees. *See id.*; 42 U.S.C. § 2000e(b). If the definition is met, "the court must then analyze whether an employment relationship exists between the plaintiff and the defendant." *Muhammad*, 479 F.3d at 380.

The Fifth Circuit applies a "hybrid economic realities/ common law control test" to determine whether an employment relationship exists within the meaning of Title VII. *See id.* (citing *Deal v. State Farm Cnty. Mut. Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir. 1993)). "The economic realities component of the test focuses on 'whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set terms and conditions of employment.'" *Muhammad*, 479

4

F.3d at 380. The control component focuses on the alleged employer's "right to hire, fire, supervise, and set the work schedule of the employee." *Id.* The hybrid test is used as an initial inquiry to resolve, if necessary, whether a plaintiff is an employee of the defendant or one of the defendants in a multi-defendant case. *Schweitzer c. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997).

Here, Livingston asserts that Plaintiff was employed by the BPP during the relevant time period. (Mot. Br. at 6.) He points out that Plaintiff has admitted working as a hearing officer for the BPP, has listed BPP's address as his place of employment in his charge of discrimination, and has made all of his factual allegations against Gail Johnson, BPP's regional operations supervisor. (*Id.*, citing docs. 1, 26.) He also proffers BPP's organizational chart that lists Plaintiff under Johnson's supervision and two BPP staff directories that list him as a BPP hearing officer. (*Id.*, citing App. at 4, 10, 15, 21.) Finally, he provides affidavit testimony that Plaintiff was employed by the BPP during the relevant time period. (*Id.*, citing App. at 2, 28.) This undisputed evidence shows that Plaintiff was not employed by the TDCJ, but rather, by the BPP.

**B.** **Can the Two Agencies be Considered a Single Employer?**

Where, as here, the plaintiff is found to be an employee of one of the defendants, a court then considers whether the two defendants are so integrated so as to be considered a single employer. *See Schweitzer*, 104 F.3d at 764; *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The single employer test considers four factors: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The second factor "has traditionally been most important, with courts refining their analysis to the single question, 'what entity made the final decisions regarding

5

employment matters related to the person claiming discrimination?'" *Schweitzer*, 104 F.3d at 764.

Even though the Fifth Circuit has applied the single employer test to private entities, it has declined to apply the single employer analysis to governmental agencies or subdivisions. *See Trevino*, 701 F.2d 404 n. 10 (noting that the single employer test is not readily applicable to governmental employers); *Dumas v. Town of Mount Vernon, Al.*, 612 F.2d 974, 980 n. 9 (5th Cir. 1980) (declining to apply the test with regard to employees of a town, state, and county); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007) (holding that a government employer may not be considered part of an integrated enterprise under the single employer framework); *Garrett-Woodberry v. Miss. Bd. of Pharmacy*, 300 F.App'x. 289, 291-92 (5th Cir.2008), *cert. denied*, 129 S.Ct. 2416 (2009) (declining to apply the single employer test to "a governmental agency or subdivision"); *Karagounis v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 168 F.3d 485,1999 WL 25015, *2 (5th Cir. Jan. 5, 1999) (per curiam) (refusing to aggregate governmental subdivisions in the context of Title VII).

Livingston argues that the BPP and the TDCJ are distinct governmental entities under Texas law and cannot be integrated as a single employer for purposes of Title VII. As determined by the Fifth Circuit, the BPP is a separate and distinct entity from the Pardons and Parole Division of the TDCJ, and has different responsibilities under state law. *See Norman v. Texas Dep't of Criminal Justice, Institutional Div.*, 293 F.App'x 285, 288 (5th Cir. 2008) (citing Tex. Gov't Code § 491.001); *Johnson v. Rodriguez*, 110 F.3d 299, 303 n. 4 (5th Cir. 1997) (same). As such, the two entities are considered separate governmental agencies, and cannot be considered part of an integrated enterprise under the single employer test.

Since Livingston has met his summary judgment burden by properly identifying the basis

of his motion, summary judgment should be **GRANTED** as a matter of law with respect to Plaintiff's official capacity Title VII claims against him. *See Celotex*, 477 U.S. at 322-23.[1]

## IV. CONCLUSION

Defendant Livingston's motion for summary judgment should be **GRANTED**, and any official capacity claims against him should be **DISMISSED** with prejudice.

**SO RECOMMENDED on this 21st day of December, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff's complaint can be liberally construed as raising a joint employer theory of liability, the theory is not availing in this case either. Under the joint employer theory, a plaintiff can "show that the defendant in question exercises such control over the labor relations of the other defendant that they together should be considered 'joint employers.'" *Karagounis*, 1999 WL 25015, at *2. An unpublished Fifth Circuit decision holds that the joint employer test, like the single employer test, does not apply to governmental subdivisions and agencies because the core analysis of the two tests is the same. *See id.*